



## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVELYCE MUNGIA | : CIVIL ACTION NO. |
| 3730 L Street | : |
| Philadelphia, PA    19124 | :            18    2634 |
| | : JURY TRIAL DEMANDED |
| V. | : |
| | : |
| | : |
| THE CITY OF PHILADELPHIA | : |
| C/O City of Philadelphia Law | : |
| Dept. | : |
| 1515 Arch Street, 14th Floor | : |
| Philadelphia, PA 19102 | : |
| AND | : |
| POLICE OFFICER DANIEL SWEENEY | : |
| C/O of City of Philadelphia Law | : |
| Dept. | : |
| 1515 Arch Street, 14th Floor | : |
| Philadelphia, PA 19102 | : |
| AND | : |
| CURRENTLY UNKNOWN AND | : |
| UNNAMED CITY OF PHILADELPHIA | : |
| POLICE OFFICERS | : |
| Law Dept. | : |
| 1515 Arch Street, 14th Floor | : |
| Philadelphia, PA 19102 | : |
| AND | : |
| BENSALEM TOWNSHIP | : |
| 2400 BYBERRY ROAD | : |
| BENSALEM, PA 19020 | : |

FILED

JUN 2 1 2018

KATE BARKMAN, Clerk
By_____Dep. Clerk



AND

| | |
|---|---|
| DETECTIVE DAVID NIEVES | : |
| DETECTIVE GREGORY JACKSON | : |
| AND CURRENTLY UNKNOWN AND | : |
| UNNAMED BENSALEM TOWNSHIP | : |
| POLICE OFFICERS | : |
| BENSALEM TOWNSHIP POLICE DEPT. | : |
| C/O BENSALEM TOWNSHIP | : |
| 2400 BYBERRY ROAD | : |
| BENSALEM, PA 19020 | : |

---

## COMPLAINT

### JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. S 1983 and the 14$^{t}$

Amendment of the United States Constitution.  Jurisdiction is based on 28 U.S.C. S

1331 and 1343 (1) (3) (4) and the aforementioned statutory provisions.  Plaintiff

further invokes the supplemental jurisdiction of this Court to hear and adjudicate

state law claims pursuant to 28 U.S.C. S 1367 (a) to hear and adjudicate state law

claims.

### PARTIES

2.  Plaintiff Evelyce Mungia is an adult citizen of Philadelphia, PA  who

has an address as indicated in the caption above.

3.  Defendant the City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns and operates, manages, directs and controls the Philadelphia Police Department which employees Police Officer Daniel Sweeney and the currently unknown and unnamed defendant police officers and has an address as indicated in the caption above.

4.  Police Officer Daniel Sweeney and the currently unknown an unnamed City Philadelphia police officers are employees of the City of Philadelphia and the Philadelphia Police Department, and at all times relevant hereto, they were acting within the scope of their respective employment and under color of state law, and they are being sued in their respective official capacities and in their respective individual capacities.

5.  Defendant, Bensalem Township is a municipality, which has an address as indicated in the caption above.

6.  Defendant, Detective David Nieves, defendant Gregory Jackson and the currently unknown and unnamed Bensalem Township police officers are members of the Bensalem Township Police Department, and they have an address as indicated in the caption above; At all times relevant hereto, they were acting within the scope of their duties as Bensalem Township police officers and

3

they are being sued in their respective official and individual capacities.

## FACTUAL ALLEGATONS

7.  On February 10, 2018, plaintiff was inside of her residence when Defendant Sweeney and the currently unknown and unnamed defendant City of Philadelphia Police Officers forcefully burst into her residence at/around 9:50 a.m. without any prior notice before that date and time, accompanied by the currently unknown and unnamed Defendant Bensalem Township Police Officers; plaintiff nor any other household member gave the aforementioned defendants permission to enter the residence.

8.  In bursting into plaintiff's residence, defendants slammed the front door, and broke the front window; such force was unnecessary, as plaintiff opened the door upon hearing that defendants were outside.

9.  As plaintiff opened the door, defendants entered the residence and immediately started searching the premises, without an arrest warrant or a search warrant; plaintiff, nor any other resident of the property gave defendants permission to enter the premises and/or to search it.

10.  Defendants pulled plaintiff into the kitchen and started falsely accusing

4

her of being involved in a stabbing and ordered her to turn her cellphone over to them, which they searched; plaintiff was reasonably fearful that she would be harmed if she did not comply with the defendants' orders.

11. Defendants told plaintiff that they were going to arrest her and charge her with attempted murder and conspiracy.

12. Plaintiff had not committed any crime, nor did defendants present her with or tell her any evidence to support their accusations.

13. Defendants, members of the Philadelphia Police Department took plaintiff outside her residence, and forcefully handcuffed her and took her to the Bensalem Police Station.

14. At the Bensalem Police Station, defendant Detectives Nieves ("Nieves") and Jackson coercively questioned plaintiff, threatening her, and forced her to sign a written statement, then he forced her to take them to every location that she had gone to on/around February 8, 2018; (on that date plaintiff's boyfriend and his brother allegedly got into an argument with their stepfather, after the stepfather threatened to beat up their mother, which upon information and belief ended in a physical altercation wherein the stepfather was stabbed; plaintiff was not involved in that incident).

5

15. Upon information and belief, at the time that defendants arrested plaintiff, neither her boyfriend nor his brother had been arrested, and the police could not find them (police allegedly had warrants for their arrests).

16. Defendants held plaintiff against her will until around 7:30 p.m. at which time they finally released her without any charges being filed against her.

17. Defendants falsely arrested plaintiff and falsely imprisoned her, without probable cause that she had committed any crime, and for the purpose of intimidating her to provide them with evidence in their investigation of her boyfriend, and/or for other purposes unrelated to law enforcement.

18. As a result of defendants' actions described above, plaintiff suffered severe emotional distress, physical pain and suffering from her handcuffs being applied to tightly (which defendants knew they had done, had done purposefully, and they observed plaintiff's pain therefrom), and property damage.

19. Defendants also confiscated plaintiff's car, and upon information and they searched it without a warrant and intentionally damaged it.

20. Plaintiff is/was a law abiding citizen who has no criminal record.

FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS – VIOLATION OF 42 U.S.C.

SECTION 1983 AND THE 14TH AMENDMENT

6

21. Plaintiff incorporates paragraphs 1-20 above as though fully set forth herein.

22. As a direct and proximate result of all of the defendants' acts and or intentional omissions, those of the defendant police officers, which were committed under color of state law, plaintiff was deprived of her rights to be free from false arrest, false imprisonment, illegal search and excessive force; As a result of defendants' conduct, plaintiff suffered violation of her rights under the laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. S 1983.

23.  As a direct and proximate result of the acts of the defendants, plaintiff suffered severe emotional distress, loss of liberty and enjoyment of life, all to her great detriment and harm.

24. Defendants  the City of Philadelphia and Bensalem Township have encouraged, tolerated, ratified and has been deliberately indifferent to the following police practices, patterns, policies and customs and to the need for more or different training, supervision, investigation or discipline in the areas:

a.   Intentionally falsely arresting and imprisoning people with the knowledge that they lacked probable cause to do so, conspiring to have such

7

citizens arrested on the basis of stale and/or misleading evidence. Upon their

malicious desire to have such persons who they believe fit the profile of a

criminal, or who have past criminal records, further punished for those reasons,

even though they are not criminals or have served their sentences for past crimes;

b.  The proper exercise of police powers,  including but not limited to

the unreasonable use of force, illegal search, the excessive use of force and

unlawful seizure;

c.  The failure to properly monitor police officers whom it knew or should

have known were suffering from emotional and/or psychological problems which

impaired their ability to properly function as police officers;

d.  The failure to identify and take remedial or disciplinary actions against

police officers who were the subject of prior valid civilian or internal complaints of

misconduct;

e.  Unlawful arrest and imprisonment, to achieve ends not reasonably

related to law enforcement and police duties;

f.   The failure of police officers to follow established policies, procedures,

directives and instructions regarding how to properly investigate crimes.

25. Defendants, the City of Philadelphia and Bensalem Township have failed to

properly sanction and discipline their police officers, who they are aware aid and abet Constitutional violations of citizens/persons by their respective police officers, thereby causing and encouraging their police officers, including the individual City of Philadelphia police officers and Bensalem Township police officers named and/or referred to in this action, to violate the civil rights of persons, including plaintiff.

26. Defendants have, by their respective conduct described above, deprived plaintiff of her rights secured by the Fourth and Fourteenth Amendments to the Constitution, in violation of 42 U.S.C. S 1983.

27.  Defendants, the City of Philadelphia and Bensalem Township have failed to properly train, discipline and supervise the defendant police officers in this matter, failing to train them on proper procedures on conducting investigations, interviewing witnesses, conducting legal searches, the proper use of force, the existence of lack of existence of probable cause.

WHEREFORE, plaintiff requests judgment in her favor against defendants, jointly and severally and she requests the following relief:

a.  compensatory damages;

b.  punitive damages;

9

    c.  reasonable attorney's fees and costs;

    d.  any other relief as appears reasonable and just.

SECOND CAUSE OF ACTION –FALSE ARREST, FALSE IMPRISONMENT, ILLEGAL

SEARCH AND EXCESSIVE FORCE AS TO DEFENDANTS DANIEL SWEENEY, DAVID

NIEVES, GREGORY JACKSON AND THE CURRENTLY UNKNOWN AND UNNAMED

CITY OF PHILADELPHIA AND BENSALEM TOWNSHIP POLICE OFFICERS

28. Plaintiff incorporates paragraphs 1-27 above as though fully set forth herein.

29. Defendants' acts, including those of defendants Sweeney, Nieves, Jackson, and the currently unknown and unnamed police officers constitute false arrest, false imprisonment, illegal search and excessive force in violation of plaintiff's rights secured under the 4th and 14th Amendments of the United States Constitution and 42 U.S.C. S 1983.

30. As a result of defendants' conduct described above, plaintiff suffered severe emotional distress, physical pain and suffering and property damage.

WHEREEFORE, plaintiff requests judgment in her favor against defendants jointly and severally and she requests the following relief:

    a.  compensatory damages;

10

Respectfully submitted,

Reginald Allen, Esquire

12